# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00177-CR

**Reynaldo Hernandez, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. D-1-DC-12-203066, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Reynaldo Hernandez, Jr., was observed in a mall parking lot breaking into and driving off in a pick-up truck. After noticing a police officer following him, Hernandez attempted to evade the officer. Ultimately, Hernandez crashed the truck into another vehicle driven by James Williford. The impact of the crash killed Williford. After the collision, Hernandez was arrested and charged with felony murder and with theft of the truck. *See* Tex. Penal Code §§ 19.02(b)(3) (stating that person commits crime of murder if he "commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual"), 31.03(setting out elements for offense of theft). This appeal relates to Hernandez's murder conviction.[1] The indictment contained two

---

[1] As mentioned above, Hernandez was also charged with theft, and both charges were tried together. At the conclusion of the trial, the jury found Hernandez guilty of murder and sentenced

enhancement allegations for two prior felony convictions. At the end of the trial, the jury concluded that Hernandez was guilty, found the enhancement allegations to be true, and imposed a punishment of confinement for 55 years. Hernandez appeals his murder conviction, and his appointed counsel has filed a brief concluding that his appeal his frivolous and without merit. We will affirm the district court's judgment of conviction.

Hernandez's counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Hernandez's attorney sent him a copy of the brief and advised him that he had the right to examine the record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). Hernandez has not filed a pro se brief.

After reviewing the evidence that was presented to the district court and the procedures that were observed, we have found nothing in the record that might arguably support the appeal. Accordingly, we agree with counsel that the appeal is frivolous and without merit. However, although the issue was not raised by Hernandez's counsel, we observe that the judgment of conviction contains a clerical error. As mentioned above, the indictment in this case had two enhancement allegations regarding two prior felony convictions. The judgment in this case states

---

him to 20 years' imprisonment. In a separate opinion issued today, we have affirmed Hernandez's theft conviction. *See Hernandez v. State*, No. 03-13-00268-CR, (Tex. App.—Austin Aug. 14, 2014, no pet. h.) (mem. op., not designated for publication).

that Hernandez pleaded "not true" to the two enhancement allegations; however, the record reflects that Hernandez pleaded "true" to both allegations. This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction to reflect that Hernandez pleaded "true" to the enhancement allegations.

As modified, we affirm the district court's judgment of conviction and grant Hernandez's counsel's motion to withdraw.[2]

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, Affirmed

Filed: August 14, 2014

Do Not Publish

---

[2] No substitute counsel will be appointed. Should Hernandez wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the court of criminal appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the court of criminal appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once this Court receives notice that a petition has been filed, the filings in this case will be forwarded to the court of criminal appeals. *See id.* R.. 68.7.